# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF FLORIDA
# PANAMA CITY DIVISION

## CIVIL RIGHTS COMPLAINT FORM FOR PRO SE, PRISONER LITIGANTS IN ACTIONS UNDER 28 U.S.C. * 1331 or * 1346 or 42 U.S.C. * 1983

Gino L. Browning
Inmate ID Number: N10353
Plaintiff

V.

Case No.: 5:20cv299-RV-MJF
(To be filled in by the Clerk's Office)

Jury Trial Requested?
( X ) YES     ( ) NO

Christopher Brannon, Warden
At Jackson Correctional Institution (JCI hereinafter)

Glenn Hancock, Assistant Warden
Programs at JCI

Partin Dakota R. Team Chairman of Disciplinary Report
(D.R. hereinafter) Hearings at JCI

Winget Crystal J, Team Member of D.R. Hearings at JCI

J. Cook, Officer at JCI

D. Allen Officer at JCI

V. Williams, D.R. Investigator at JCI
Defendant (s)

PROVIDED TO
HOLMES CI

NOV 2 - 2020

FOR MAILING

1

## I. PARTIES TO THIS COMPLAINT

### A. Plaintiff

Plaintiff's Name: <u>Gino L. Browning</u>   ID Number: <u>N10353</u>

List all other names by which you have been known: <u>N/A</u>

Current Institution: <u>Holmes Correctional Institution</u>

Address: <u>3142 Thomas Drive, Bonifay, Florida 32425</u>

### B. Defendant(s)

State the name of the Defendant, whether an individual, government agency, organization, or corporation. For individual Defendants, identify the person's official position or job title, and mailing address. Indicate the capacity in which the Defendant is being sued. Do this for every Defendant:

1. Defendant's Name: <u>Christopher Brandon</u>
   Official Position: <u>Warden at JCI</u>
   Employed at: <u>Jackson Correctional Institution</u>
   Mailing Address: <u>5563 10th Street</u>
   <u>Malone, Florida 32445-3144</u>

   ( X ) Sued in Individual Capacity   ( X ) Sued in Official Capacity

2. Defendant's Name: <u>Glenn Hancock</u>
   Official Position: <u>Assistant Warden of Programs</u>
   Employed at: <u>Jackson Correctional Institution</u>
   Mailing Address: <u>5563 10th Street</u>
   <u>Malone, Florida 32445-3144</u>

   ( X ) Sued in Individual Capacity   ( X ) Sued in Official Capacity

3. Defendant's Name: <u>Partin Dakota R.</u>
   Official Position: <u>Team Chairman of D.R. Hearings</u>
   Employed at: <u>Jackson Correctional Institution</u>
   Mailing Address: <u>5563 10th Street</u>
   <u>Malone, Florida 32445-3144</u>

   ( X ) Sued in Individual Capacity   ( X ) Sued in Official Capacity

2

4. Defendant's Name: <u>Winget Crystal J.</u>
   Official Position: <u>Team Chairman of D.R. Hearings</u>
   Employed at: <u>Jackson Correctional Institution</u>
   Mailing Address: <u>5563 10th Street</u>
   <u>Malone, Florida 32445-3144</u>

   ( X ) Sued in Individual Capacity          ( X ) Sued in Official Capacity

5. Defendant's Name: <u>J. Cook</u>
   Official Position: <u>Officer</u>
   Employed at: Jackson <u>Correctional Institution</u>
   Mailing Address: <u>5563 10th Street</u>
   <u>Malone, Florida 32445-3144</u>

   ( X ) Sued in Individual Capacity          ( X ) Sued in Official Capacity

6. Defendant's Name: <u>D. Allen</u>
   Official Position: <u>Officer</u>
   Employed at: <u>Jackson Correctional Institution</u>
   Mailing Address: <u>5563 10th Street</u>
   <u>Malone, Florida 32445-3144</u>

   ( X ) Sued in Individual Capacity          ( X ) Sued in Official Capacity

7. Defendant's Name: <u>V. Williams</u>
   Official Position: <u>D.R. Investigator</u>
   Employed at: <u>Jackson Correctional Institution</u>
   Mailing Address: <u>5563 10th Street</u>
   <u>Malone, Florida 32445-3144</u>

   ( X ) Sued in Individual Capacity          ( X ) Sued in Official Capacity

*At all times mentioned in this complaint each Defendant acted under the color of state law.*

3

## II. BASIS FOR JURISDICTION

Under 42 U.S.C. * 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution" and federal law. Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics,* 403 U.S. 388 (1971), you may sue federal officials for the violation of certain Constitutional rights.

Are you bringing suit against (check all the apply):

( ) Federal Officials (Bivens case)      ( X ) State/Local Official (*1983 case)

## III. PRISONER STATUS

Indicate whether you are a prisoner, detainee, or in another confined status:

( ) Pretrial Detainee              ( ) Civilly Committed Detainee

( X ) Convicted State Prisoner     ( ) Convicted Federal Prisoner

( ) Immigration Detainee           ( ) Other (explain below):

_____

_____

## IV. STATEMENT OF FACTS

Provide a short and plain statement of the *facts* which show why you are entitled to relief. Describe how *each* Defendant was involved and what each person did, or did not do, in support of your claim. Identify when and where the events took place, and state how each Defendant caused you harm or violated federal law. Write each statement in short numbered paragraphs, limited as far as practicable to a single event or

4

incident. *Do not make legal argument, quote cases, cite or statues, or reference a memorandum.* You may make copies of the following page if necessary to supply all the facts. Barring extraordinary circumstances, no more than five (5 additional pages should be attached. *Facts not related to this same incident or issue must be addressed in a separate civil rights complaint.*

8. July 20, 2018, Defendant's at Jackson Correctional Institution conducted an Institutional shake down by utilizing the "Rapid Response Team" (RRT hereinafter), when the RRT arrived at plaintiffs dormitory in Golt side one (1), at that time the RRT did not conduct the cell searches by taking into consideration of the "MIMIMAL DISTURBANCE" to the cells content of the inmates housed in Golt dormitory side one (1), causing the inmates in Gott side one (1) dorm to complain about the CHADS left behind by the RRT.

9. July 20, 2018, while the RRT was exiting Plaintiff's Dormitory in Golt side one (1) (G-1 hereinafter), Plaintiff's neighbor from two (2) cells down begun to yell at the RRT through his back window, "CURSING at the RRI" for destroying his property, at that time JCI's Colonel ordered Officer J. Cook and D. Allen (Defendant's) along with the rest of the RRT to return to G-1 and spray (pepper spray) the inmate who was yelling out the window.

10. July 20, 2018, Defendant's Officer J. Cook and Officer D. Allen, brought the VIDEO ROCORDING EQUIPTMENT to the second floor of G-1, as required by defendant's then applicable rules (Video Recording Protocol), as Defendant's Officer J. Cook and Officer D. Allen arrived at Plaintiff's NEIGHBOR'S Cell (Two (2) cells down from Plaintiff's cell), Defendant's (J. Cook and D. Allen) advised the inmate two (2) cells down from Plaintiff's cell to cease his disruptive behavior, at that time the inmate two (2) cell down from Plaintiff's cell to cease his disruptive behavior, at that time the inmate two (2) cells down from Plaintiff REFUSED TO cease his disruptive behavior, and at that moment Defendant's J. Cook and D. Allen went downstairs in order to prepare themselves for approximately five (5) minutes in order to stabilize the situation and have it under control.

11. July 20, 2018, Defendant's J. Cook and D. Allen came back upstairs in order to spray the inmate who was Two (2) cells down from Plaintiff's cell with chemical agent, BUT INSTEAD of the Defendant's (J. Cook and S. Allen)

5

returning to the cell Two (2) down from Plaintiff cell they (Defendant's J. Cook and D. Allen) went to Plaintiff's cell and begun to administer the CHEMICL AGENT (Pepper Spray) INSIDE OF PLAINTIFF'S CELL.

12. July 20, 2018, Defendant's J. Cook and D. Allen, realized that Plaintiff's cell Was the WRONG CELL and at that moment Defendant's J. Cook and D. Allen placed Plaintiff and cellmate under hand restraint, while Plaintiff was being escorted by Defendant's J. Cook and D. Allen, Plaintiff begun to question the Defendant's (J. Cook and D. Allen) as to the reason of why his cellmate and himself (Plaintiff) where being sprayed at that moment Officer J. Cook and Officer D. Allen (Defendant's) begun to squeeze Plaintiff on both of Plaintiffs arms and began to escort Plaintiff towards the stairs while shouting to Plaintiff to SHUT the "F" up, at that time Plaintiff informed Defendant's J. Cook and D. Allen; that he (Plaintiff) was going to have his family members contact his (Plaintiff's) Lawyer about this incident.

13. July 20, 2018, Defendant's J. Cook and D. Allen MALICIOUSLY administered pressure to Plaintiff's arms while plaintiff was under RESTRANTS and before Defendant's J. Cook and D. Allen reached the bottom of the stairs with Plaintiff, Defendant's J. Cook and D. Allen, PUSHED Plaintiff from approximately the Third (3rd) step of the stairs causing Plaintiff to incur PHSICAL INJURY to his (Plaintiff's) HEAD, SHOULDER and to sustain SCRAPES and BRUISES, while making RACIST remarks toward Plaintiff, while he (Plaintiff) was on the floor INJURED due to Defendant's J. Cook and D. Allen's UNECESSARY USE OF FORCE against Plaintiff.

14. July 20, 2018, Plaintiff SUFFERED EXCRUCIATING PAIN to his (Plaintiff's) HEAD SHOULDERS and BACK causing Plaintiff to yell out in pain, causing the whole dormitory in G-1 to yell at Defendant's J Cook and D. Allen, for their UNNECESSARY USE OF FORCE towards Plaintiff at that time Defendant's J. Cook and D. Allen picked up Plaintiff who was complaining of the PAIN induced by Defendant's J. Cook and D. Allen UNESSARY USE OF FORCE, while Defendant's J. Cook and D. Allen continued to yell at Plaintiff by saying to Plaintiff to "SHUT THE "F" UP", while escorting Plaintiff to Medical.

15. Approximately Eight (8) to Ten (10) months from the dated of the incident (July 20, 2018, Plaintiff was scheduled by Defendant's medical doctor in order to have X-Ray done to Plaintiff's shoulder, after the appointment the X-Ray's showed that Plaintiff sustained damage tissue, and Plaintiff also received THERAPY for his (Plaintiff's) SHOULDER and BACK for approximately Three (3) to Six (6) months due to Defendant's J. Cook and D. Allen UNESSARY USE OF

FORCE. Plaintiff already had back issues as documented in Plaintiff's Medical Records, but after July 20, 2018 Plaintiff's back issue worsened by causing Plaintiff to have difficulty getting out of bed. Plaintiff furthered suffered from MIGRANE HEADACHE'S, SHORT TERM MEMORY LOSS and it CURRENTLY DEALING with PARANOIA around other officers.

16. July 20, 2018, Plaintiff (while in confinement) received a D.R. from Defendant J. Cook and D. Allen for "SPOKEN THREATS" D.R. Log #104-181946, and on August 7, 2018, Plaintiff was sentenced to fifteen (15) days of Disciplinary Confinement with Thirty (30) days of "LOSS OF FUTURE GAIN TIME" by Defendant's Partin Dakota R. and Defendant Winget Crystal J.

17. August 7, 2018, Plaintiff Appealed D.R. Log #104-181946 by submitting a DCI-303's, Log #1808-104-050, 18-6-42789 and 18-6-43681. Plaintiff stating that Defendant's Partin Dakota R., Winget Crystal J., Chris Brannon, and Glenn Hancock DENIED Plaintiff his right to a FAIR AND UNBIAS HEARING by Denying Plaintiff the right to present TANGIBLE EVIDENCE (VIDEO RECORDING) FAVORABLE to Plaintiff's DEFENCE, Plaintiff also stated that the evidence rendered by the INVESTIGATING OFFICER was so FUNDAMENTALLY UNFAIR as to VIDLATE Plaintiff's 14th Amendment Constitutionally Protected Due Process Right.

18. August 7, 2018, Defendant's Partin Dakota R., Winget Crystal J., Chris Brannon and Glenn Hancock not only DENIED Plaintiffs his 14th Amendment Constitutionally Protected Due Process Right by way of Denying Plaintiff a Fair and UNBIAS HEARING of D.R. Log #104-181946, but Defendants above specified PENALIZED Plaintiff (apart from his (Plaintiff) fifteen (15) days of Disciplinary Confinement) with Thirty (30) day of "LOSS OF FUTURE GAIN TIME" which in accordance too Defendant's then applicable rules, there exist NO penalty for the "LOSS OF FUTURE GAIN TIME" as a CONSEQUENCE of any Prison Disciplinary Proceeding.

19. During the D.R. Hearing of Plaintiff's D.R. Log # 104-181946, the D.R. Investigating Officer V. Williams statement where read, D.R. Investigator stated that "Plaintiff's request of use of force Video will not provide evidence favorable to Plaintiff's defense due to the Use of Force happening BEFORE the alleged spoken threat".

20. In Plaintiff's defense the Use of Force "WILL" provide evidence favorable to Plaintiff's defense due to the fact "in accordance too Defendants then applicable rules it is required by all Defendant's involved in any use of force

7

incident to record UNINTERRUPTED from the COMMENCEMENT OF the SITUATION is STABLE and UNDER CONTROL (plaintiff's Placement in Administrative Confinement).

21. Video footage of Plaintiff's incident of July 20, 2018, WILL NOT ONLY verify that Plaintiff DID NOT participate in the allege 1-3 (Spoken Threats D.R. Log #104-181946), but it will provide the evidence favorable to Plaintiff's defense, which will exonerate Plaintiff of not only from the above specified D.R., BUT it will provide all the evidence necessary to substantiate Plaintiff's claim that Defendant's J. Cook and D. Allen in fact did maliciously administered pressure to Plaintiff's arm while Plaintiff was under restraints and that before Plaintiff reached the Third (3rd) step of the stairs of G-1 dorm, Defendant's J. Cook and D. Allen, PUSHED Plaintiff (Gino Browning) CAUSING Plaintiff to incur physical injuries.

22. August 24, 2020, @ 9:58 a.m., Plaintiff mother (Katrina Dickey) sent and E-mail to the warden at Okaloosa Correctional Institution (Where Plaintiff was transferred to) who exchange forwarded the E-mail to Christopher Brannon of Plaintiff's mother requesting a copy of the "USE OF FORCE VIDEO dated July 20, 2018", and a copy of "Plaintiff's MEDICAL RECORD on the above specified incident.

23. As of the date of this PRISONER FEDERAL COMPLAINT FORM (1983) being sent, "THERE has been NO attempt on the Defendant's behalf of sending a copy of the above specified "USE OF FORCE VIDEO" dated July 20, 2018, to Plaintiff's mother Katrina Dickey.

24. August 28, 2018, Defendant's Glenn Hancock and Christopher Brannon, "DENIED" Plaintiff's Appeal of D.R. Log #104-181946, PLAINTIFF WAS TRANSFERRED TO ANOTHER INSTITUTION THEREAFTER.

Respectfully Submitted,

*[signature]*

Gino L. Browning #N10353
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

## V. STATEMENT OF CLAIMS

State what rights under the Constitution, laws, or treaties of the United States have been violated. Be specific. If more than one claim is asserted, number each separate claim and relate it to the facts alleged in Section III. If more than one Defendant is names, indicate which claim is presented against which Defendant.

25. Plaintiff reallege and incorporate by reference paragraphs 8 – 24.

26. Defendants J. Cook and D. Allen, used unnecessary use of force maliciously and sadistically for the very purpose of causing Plaintiff harm when Plaintiff was not violating and prison (JCI) rules, and when Plaintiff was NOT acting disruptively. Defendant's J. Cook and D. Allen's action violated Plaintiff's rights under the Eight (8th) Amendment to the United States Constitution, and caused Plaintiff (Gino Browning), pain, suffering, physical injury, and emotional distress.

27. Defendant's J. Cook and D. Allen, used and continued to cause, Plaintiff harm by aggressively picking up Plaintiff from the floor when Plaintiff did not violate any prison (JCI's), rule or acted disruptively in anu way. Defendant's J. Cook and D. Allen's action violated and continues to violate Plaintiff's Eight's (8th) Amendment Constitutionally Protected Right, and is causing Plaintiff, Pain, suffering, physical injury, and emotional distress.

28. Defendant's Christopher Brannon, Glenn Hancock, Partin Dakota R., Winget Crystal J. and denied Plaintiff his right to a FAIR and UNVIAS HEARING, by denying Plaintiff the right to present tangible (Video footages) evidence favorable to Plaintiff defense. Defendant's Christopher Brannon, Glenn Hancock, Partin Dakota R., Winget Crystal J and V. Williams violated Plaintiffs fourteenth (14th) Amendment Constitutionally Protected Due Process Rights.

29. By giving Plaintiff a transfer for the exercise of his (Plaintiff's) right to redress from JCI through use of JCI's grievance system Defendant's Christopher Brannon and Glenn Hancock is retaliating against Plaintiff unlawfully, in violation of Plaintiff First (1st) Amendment Constitutionally Protected Rights.

30. Plaintiff had no plain, adequate or complete remedy at law to redress the wrongs described herein. Plaintiff has been and will continue to be irreparably injured by the conduct of the Defendant's unless this Honorable Court grants the declaratory and injunctive relief which Plaintiff seeks.

Respectfully Submitted,

Gino L. Browning #N10353
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

## VI. RELIEF REQUESTED

State briefly what relief you seek from the Court. Do not make legal arguments or cite to cases statutes. If requesting money damages (*either actual or punitive damages*), include the amount sought and explain the basis for the claims.

31. Plaintiff Gino Browning respectfully prays that this Honorable Court enter judgment: Granting Plaintiff a Declaration that the Acts and Omissions described herein violated Plaintiff's Rights Under the Constitution and Laws of the United States, and Grant Plaintiff Compensatory Damages in the amount of up to $350,000 against each Defendant, jointly and Severally, Grant Plaintiff Punitive Damages fin the amount of up to $350,000, against each Defendant, jointly and severally, Plaintiff also seeks for Defendant's to Transfer him to an institution closer to Plaintiff's residence, Plaintiff also seeks to have his LOSS GANTIME RESTORED, and for recovery of the cost of his suit and any additional relief that this Honorable Court would deem proper, and equitable.

Respectfully Submitted,

Gino L. Browning #N10353
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

11

ATTENTION: *The Prison Litigation Reform Act ("PLRA") does not permit awards for punitive or compensatory damages "for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act. . . ." 42 U.S.C * 1997e(e).*

## VII. EXHAUSTION OF ADMINISTRATIVE REMEDIES

The PLRA requires that prisoners exhaust all available administrative remedies (grievance procedures) before bringing a case. 42 U.S.C * 1997e(a). ATTENTION: *If you did not exhaust available remedies prior to filing this case, this case may be dismissed.*

## VIII. PRIOR LITIGATION

ATTENTION: *The "three strikes rule" of the PLRA bars a prisoner from bringing a case without full payment of the filing fee at the time of case initiation if the prisoner has "on three or more prior occasions, while incarnated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S. *1915(g).*

A. To the best of your knowledge, have you had any case dismissed for a reason listed in * 1915(g) which counts as a "strike"?

   ( ) YES      (X) NO

   If you answered yes, identify the case number, date of dismissal and court:

   1. Date: _____ Case #: _____

      Court: _____

2. Date: _____ Case #: _____

   Court: _____

3. Date: _____ Case #: _____

   Court: _____

   *(If necessary, list additional cases on an attached page)*

B. Have you filed other lawsuits in either *state or federal court* dealing with the same facts or issue involved in this case?

   ( ) YES     (X) NO

   If you answered yes, identify the case number, parties, dated files, result (if not still pending), name of judge, and court for each case *(if more than one)*:

   1. Case#: _____ Parties: _____

      Court: _____ Judge: _____

      Date Filed: _____ Dismissal Date *(if not pending)*: _____

      Reason: _____

   2. Case#: _____ Parties: _____

      Court: _____ Judge: _____

      Date Filed: _____ Dismissal Date *(if not pending)*: _____

      Reason: _____

C. Have you filed any other lawsuit in federal court either challenging your conviction or otherwise relating to the conditions of your confinement?

   ( ) YES     (X) NO

13

If you answered yes, identify all lawsuits:

1. Case#: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

2. Case#: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

3. Case#: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

4. Case#: _____ Parties: _____

   Court: _____ Judge: _____

   Date Filed: _____ Dismissal Date *(if not pending)*: _____

   Reason: _____

5. Case#: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending):* _____

Reason: _____

6. Case#: _____ Parties: _____

Court: _____ Judge: _____

Date Filed: _____ Dismissal Date *(if not pending):* _____

Reason: _____

*(Attach additional pages as necessary to list all cases. **Failure to disclose all prior cases may result in the dismissal of this case.**)*

## IX. CERTIFICATION

I declare under penalty of perjury that the foregoing (including all continuation pages) is true and correct. Additionally, as required by Federal Rule of Civil Procedure 11, I certify that to the best of my knowledge, information, and belief, this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a non-frivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

I agree to timely notify the Clerk's Office if there is any change to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date: 10-29-20   Plaintiff's Signature: _____

Printed Name of Plaintiff: Gino Browning

Correctional Institution: Holmes Correctional Institution

Address: 3142 Thomas Drive

Bonifay, Florida 32425

I certify and declare, under penalty of perjury, that this complaint was (*check one*) (X) delivered to prison officials for mailing or ( ) deposited in the prison's mail system for mailing on the 2ND day of NOVEMBER, 20 20.

Signature of Incarcerated Plaintiff: _____

## CERTIFICATE OF SERVICE

I, HERBY CERTFY that a true and correct copy of the foregoing has been placed in the hands of the Institutional Official for delivery via U.S. Mail to the following: Clerk Office, U.S. District Court, Northern District of Florida-Panama City Division, One North Palafox Street, Pensacola, Florida 32502-5658, Attorney General, U.S. Department of Justice, 950 Pennsylvania Avenue, N.W. Washington, D.C. 20530-0001, Office of the Court Administrator, 301 S. Monroe Street #5, Tallahassee, Florida 32399-1050, on this 2ND day of NOVEMBER, 2020

Respectfully Submitted,

Gino L. Browning #N10353
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Florida 32425

Brunink, N03353
Holmes Correctional Institution
3142 Thomas Drive
Bonifay, Fla. 32425

MAILED FROM
A STATE
CORRECTIONAL
INSTITUTION

RECEIVED NOV 04 2020

Clerks Office / U.S. District Court
Nothern District of Florida
Panama City Division
100 North Palafox Street
Pensacola, Florida 32502-5658

PROVIDED TO
HOLMES CI
NOV 2 2020  G.B.
FOR MAILING