UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GINO L. BROWNING,

    Plaintiff,

v.   Case No. 5:20-cv-299-RV/MJF

JOHNATHAN COOK, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Defendant Johnathan Cook has filed a motion to quash service of Plaintiff Gino L. Browning's sixth amended complaint and a motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and (b)(5). Doc. 58. Browning responded in opposition. Doc. 67. For the reasons set forth below, Cook's motion to quash should be granted and his motion to dismiss should be denied.

### I. BACKGROUND

On February 23, 2022, the undersigned ordered the United States Marshals Service ("Marshals Service") to send a copy of a summons for Cook and Browning's fourth amended complaint to the specially appointed process server at the Jackson Correctional Institution ("JCI"). Doc. 21 at 1–2.

On April 7, 2022, the specially appointed process server notified the undersigned that efforts to serve Cook were unsuccessful because he no longer was

employed at the JCI. Doc. 23. That same day, the undersigned ordered the Florida Department of Corrections ("FDC") to provide Cook's last known address, to arrange for counsel to enter an appearance on Cook's behalf, or to explain why those alternatives were not feasible. Doc. 25.

On May 17, 2022, after the FDC notified the undersigned that it had provided to the Marshals Service Cook's last known address, the undersigned ordered the Marshals Service to attempt to personally serve Cook at that address. Doc. 31. On July 19, 2022, the Marshals Service returned the executed summons for Cook. Doc. 39. The return indicated that on May 25, 2022, the Marshals Service left copies of the summons and Browning's fourth amended complaint with Cook's mother.

On November 4, 2022, more than five months after the Marshals Service left the summons and complaint with Cook's mother, Cook filed the present motions to quash and dismiss. Doc. 58. Cook contends that service should be quashed because the attempted service by the Marshals Service failed to comply with the Federal Rules of Civil Procedure and Florida law. Cook alleges that the Marshals Service left the summons and a copy of Browning's fourth amended complaint at an address where Cook did not live: Cook's mother's residence. *Id.* at 2. Cook's motion includes a sworn declaration from his mother in which she confirms that Cook did not live at her residence when the Marshals Service attempted service. Doc. 58-1.

Cook alleges that his mother "mistakenly accepted" service on his behalf. Doc. 58 at 5.

Cook relatedly contends that because he was not served as required by federal or Florida law, the District Court lacks personal jurisdiction over him and this action should be dismissed under Federal Rule of Civil Procedure 12(b)(2) and (b)(5) for lack of personal jurisdiction and insufficient service of process. *Id.* at 5–6.

## II. DISCUSSION

### A.  Cook's Motion to Quash

Cook first moves to quash service of process because it was insufficient. *Id.* at 3–5.

Under Federal Rule of Civil Procedure 4(e), an individual may be served by any person who is at least 18 years old and not a party in a manner prescribed by the law of "the state where the district court is located or where service is made"; by personally delivering a copy of the summons and complaint to the individual; by leaving a copy of the summons and complaint at the individual's "dwelling or usual place of abode with someone of suitable age and discretion who resides there"; or by delivering a copy of the summons and complaint to an agent authorized by appointment or by law to receive service of process. Fed. R. Civ. P. 4(e)(1)–(2).

In Florida—where the District Court is located and the Marshals Service attempted to serve Cook—service of process may be effected in the following ways:

- by delivering a copy of it to the person to be served with a copy of the complaint or by leaving the copies at his or her usual place of abode with any person residing therein who is 15 years of age or older and informing the person of their contents; or

- by serving the person's spouse, subject to certain exceptions.

Fla. Stat. § 48.031(1)(a), (2)(a).

The "service of a summons on the defendant is prerequisite to the exercise of personal jurisdiction." *BNSF Ry. Co. v. Tyrrell*, 581 U.S. 402, __, 137 S. Ct. 1549, 1556 (2017); *Waters v. Day & Zimmermann NPS, Inc.*, 23 F.4th 84, 93 (1st Cir. 2022) (same). "[S]ervice of process that is not in 'substantial compliance' with the requirements of the Federal Rules is ineffective to confer personal jurisdiction over the defendant, even when a defendant has actual notice of the filing of the suit." *Abele v. City of Brooksville*, 273 F. App'x 809, 811 (11th Cir. 2008) (citing *Prewitt Enters., Inc. v. OPEC*, 353 F.3d 916, 925 (11th Cir. 2003)).

The Marshals Service attempted to serve process on Cook by leaving copies of the summons and Browning's fourth amended complaint at Cook's last known address—which was provided by the FDC. Docs. 27, 31, 39. According to Cook's motion and his mother's sworn declaration, Cook did not live at that address at that time. Doc. 58 at 5; Doc. 58-1 at 1. Thus, even if Cook had notice of this action through his mother, Cook was not served in accordance with Federal Rule of Civil Procedure 4(e) or Florida law. *Abele*, 273 F. App'x at 811 (citing *Prewitt Enters., Inc.*, 353 F.3d at 925). Cook's motion to quash, therefore, should be granted.

B.     **Cook's Motion to Dismiss**

Cook next moves to dismiss the claims against him for lack of personal jurisdiction and insufficient service of process. Doc. 58 at 5–6.

Federal Rule of Civil Procedure 12 authorizes a party to move to dismiss a complaint for, among other things, lack of personal jurisdiction over the party and insufficient service of process on the party. Fed. R. Civ. P. 12(b)(2), (5). As discussed above, because service on Cook was insufficient, the District Court lacks personal jurisdiction over Cook. *BNSF Ry. Co.*, 137 S. Ct. at 1556; *Waters*, 23 F.4th at 93; *Abele*, 273 F. App'x at 811 (citing *Prewitt Enters., Inc.*, 353 F.3d at 925).

That is not the end of the discussion, however. "[W]hen a court finds that service is insufficient but curable, it generally should quash the service and give the plaintiff an opportunity to re-serve the defendant." *Pell v. Azar Nut Co., Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983); *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 653 (S.D.W. Va. 2012) (quashing service instead of dismissing the complaint under Rule 12(b)(5)). That is, although "district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process," "dismissal of a complaint is inappropriate when there exists a reasonable prospect that service may yet be obtained." *Umbenhauer v. Woog*, 969 F.2d 25, 31 (3d Cir. 1992).

The failure by the Marshals Service to effect service of process constitutes "good cause" under Rule 4(m) to extend the time for service. *Richardson v. Johnson*, 598 F.3d 734, 738–39 (11th Cir. 2010); *Sellers v. United States*, 902 F.2d 598, 602 (7th Cir. 1990); *see Johnson-Richardson v. Univ. of Phx.*, 334 F.R.D. 349, 352 (D.D.C. 2020) (courts retain discretion in whether to grant additional time to effect service). That is especially so where, as here, the FDC provided the Marshals Service an incorrect address at which to effect service of Cook, the individual residing there—Cook's mother—"mistakenly" accepted service on a defendant's behalf, and Cook did not bring this to the court's attention for *more than five months*.

Here, Cook has been in communication with the FDC counsel who entered a limited appearance on his behalf and who is representing Cook's co-defendants. *See* Docs. 28, 65. Thus, Cook apparently can be located with reasonable effort. *Richardson*, 598 F.3d at 740 (noting that dismissal under Rule 12(b)(5) would be improper if the defendant could "be located with reasonable effort").

For these reasons, the District Court should deny Cook's motion to dismiss for lack of personal jurisdiction and insufficient service of process.

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **GRANT** Defendant Johnathan Cook's motion to quash. Doc. 58.

2.   **DENY** Defendant Johnathan Cook's motion to dismiss under Federal Rule of Civil Procedure 12(b)(2) and (b)(5). Doc. 58.

3.   Refer this action to the undersigned for further proceedings.

At Pensacola, Florida, this 7th day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**