UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

GINO L. BROWNING,

    Plaintiff,

v.                                                              Case No. 5:20-cv-299-RV/MJF

JOHNATHAN COOK, *et al.*,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Defendant Donald Allen—an officer at the Jackson Correctional Institution ("JCI")—sprayed Browning with "chemical agents" and, while on a staircase, "pushed or let go of" Browning, which caused Browning to fall. Browning asserts two Eighth-Amendment excessive-force claims based on: (1) Allen's use of "chemical agents"; and (2) Allen's involvement in Browning falling down the stairs. Allen moves to dismiss Browning's claims for failure to exhaust his administrative remedies and for failure to state a claim upon which relief can be granted. Doc. 57. Browning has not filed a response in opposition, despite the undersigned affording Browning additional time to do so.[1] *See* Doc. 60. For the reasons set forth below, the District Court should grant in part and deny in part Allen's motion to dismiss.

---

[1] The undersigned has afforded Browning 30 days to respond to Allen's motion. On December 6, 2022, Browning filed a motion to extend by 30 days the deadline to file

Page 1 of 14

## I. Background

On July 20, 2018, JCI's "Rapid Response Team" ("RRT") entered Browning's dormitory to conduct "cell searches."[2] Doc. 52 at 5. Sometime later, as the RRT exited the dormitory, an inmate ("Jefferson") in the cell next to Browning's cell began "cursing and yelling" at the RRT. *Id.* Browning alleges that a colonel at JCI ordered the RRT—which included Allen and another Defendant, Johnathan Cook—to return to the dormitory and "apply chemical agents" to Jefferson. *Id.* Allen and Cook then placed "a hand-held video camera" near Jefferson's cell and warned him "to cease his disruptive behavior." *Id.* The RRT then descended the stairs near Browning's cell. *Id.*

Approximately ten minutes later, the RRT, including Allen and Cook, "rushed up the stairs" towards Jefferson's and Browning's cells. Doc. 52 at 5. Instead of spraying Jefferson—the inmate in the cell next to Browning's cell—with "chemical agents," however, Allen and Cook mistakenly sprayed "chemical agents" on

---

a response in opposition to Allen's motion. Doc. 68. As noted in the undersigned's order of November 7, 2022, Browning repeatedly has requested—and been granted—extensions of deadlines. *E.g.*, Docs. 7, 12, 40, 46, 48. Because Browning already has been afforded substantial time to respond, and the undersigned is not recommending that Allen's motion be granted in full, and because Browning will have an opportunity to object to this report and recommendation, the undersigned denied Browning's motion for extension of the deadline to respond. Doc. 71.

[2] The facts stated herein are drawn from Browning's sixth amended complaint and are presumed to be true for purposes of this report and recommendation. *See Coral Ridge Ministries Media, Inc. v. Amazon.com*, 6 F.4th 1247, 1251 (11th Cir. 2021).

Browning. *Id.* at 5, 7. Browning acknowledges that the "chemical agents" were "authorized and intended for" Jefferson. *Id.* at 5.

Allen and Cook then placed Browning in restraints and began escorting Browning to a "shower stall for decontamination." *Id.* at 6. Browning alleges that as Allen and Cook escorted him down a flight of stairs, they "either pushed or let go of" Browning. *Id.* As a result, Browning allegedly "hit the bottom step and floor awkwardly and painfully." Doc. 52 at 6. Browning alleges that he injured his back, head, and shoulder, and suffered emotional distress. *Id.* at 6, 14.

Browning asserts two Eighth-Amendment excessive-force claims against Allen: (1) spraying Browning with "chemical agents"; and (2) pushing or permitting Browning to fall down the stairs. *Id.* at 7, 14.

## II. STANDARD

Federal Rule of Civil Procedure 12(b)(6) authorizes defendants to move to dismiss a claim for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). For a claim to survive dismissal, the "complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged," rather than the mere possibility that the defendant acted unlawfully. *Id.* (citing *Twombly*, 550 U.S. at 556). That is, the complaint's factual allegations must be "enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555. "Factual allegations that are merely consistent with a defendant's liability fall short of being facially plausible." *Doe v. Samford Univ.*, 29 F.4th 675, 685–86 (11th Cir. 2022) (quotation omitted).

At the motion-to-dismiss stage, courts accept all well-pleaded factual allegations of the complaint as true and evaluate all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Newbauer v. Carnival Corp.*, 26 F.4th 931, 934 (11th Cir. 2022) (citation omitted). Courts also "hold the allegations of a *pro se* complaint to less stringent standards than formal pleadings drafted by lawyers." *Campbell v. Air Jam. Ltd.*, 760 F.3d 1165, 1168 (11th Cir. 2014). But federal courts "cannot act as de facto counsel or rewrite an otherwise deficient pleading to sustain an action." *Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020) (citation omitted).

### III. DISCUSSION

Allen moves to dismiss Browning's Eighth-Amendment excessive-force claims because: (1) Browning failed to exhaust his administrative remedies; (2) Browning failed to allege a plausible excessive-force claim as to Allen's alleged

deployment of "chemical agents"; and (3) Allen is entitled to qualified immunity as to that claim. Doc. 57.

A. **Browning Exhausted His Administrative Remedies as to Allen**

Allen contends that Browning's excessive-force claims against him should be dismissed because Browning failed to exhaust his administrative remedies. Doc. 57 at 2–9.

Under the Prison Litigation Reform Act ("PLRA"), a prisoner may not file a section 1983 action "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a); *Dimanche v. Brown*, 783 F.3d 1204, 1210 (11th Cir. 2015). Exhaustion of such remedies is a mandatory precondition to suit. *Ross v. Blake*, 578 U.S. 632, 638 (2016); *Jones v. Bock*, 549 U.S. 199, 211 (2007); *Varner v. Shepard*, 11 F.4th 1252, 1258 (11th Cir. 2021).

Furthermore, the PLRA requires "proper exhaustion." *Woodford v. Ngo*, 548 U.S. 81, 93 (2006); *Varner*, 11 F.4th at 1260. "Proper exhaustion 'means using all steps that the agency holds out, and doing so *properly* . . . ." *Varner*, 11 F.4th at 1260 (quoting *Woodford*, 548 U.S. at 90). The agency, not the PLRA, determines the proper method of exhaustion. *Jones*, 549 U.S. at 218 (noting that inmates must comply with "applicable procedural rules" that are defined "by the prison grievance process itself"); *Woodford*, 548 U.S. at 90 (noting that proper exhaustion "demands compliance with an agency's deadlines and other critical procedural rules").

The FDC's grievance procedure is a three-step process: an inmate must (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance at the institutional level with the warden's office, and (3) submit an appeal to the Office of the Secretary (through the Bureau of Policy Management and Inmate Appeals in the FDC's Central Office). *See* Fla. Admin. Code R. 33-103.005 to -103.007; *see also Parzyck v. Prison Health Servs., Inc.*, 627 F.3d 1215, 1218 (11th Cir. 2010).

Failure to exhaust administrative remedies is an affirmative defense that the defendant bears the burden of proving. *See Jones*, 549 U.S. at 216; *Varner*, 11 F.4th at 1257. Exhaustion is analyzed in two steps at the motion-to-dismiss stage. First, a "district court must . . . determine whether the complaint should be dismissed for lack of exhaustion 'tak[ing] the plaintiff's version of the facts as true.'" *Varner*, 11 F.4th at 1258 (quoting *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008)). Second, if the complaint is not subject to dismissal at the first step, the court must "make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082 (citing *Bryant v. Rich*, 530 F.3d 1368, 1373–74, 1376 (11th Cir. 2008)). The court then "decide[s] whether under those findings the plaintiff has exhausted his available administrative remedies." *Varner*, 11 F.4th at 1258 (quoting *Turner*, 541 F.3d at 1082–83).

Allen concedes that Browning exhausted "the arguments raised in [his] denied grievance appeal." Doc. 57 at 8. Allen contends that Browning's exhaustion was not proper, however, because Browning failed to mention Allen, "even by reference," in any of his grievances. *Id.* Allen also posits that because Browning did not mention Allen by name in the grievances, despite mentioning other individuals by name, the grievances do not "pertain to" Allen. *Id.* at 8 n.1.

In his grievances, Browning did not mention Allen's name. Browning instead alleged that after he was sprayed with "chemical agents," he was "pushed or let go" of on the stairs. Doc. 57-1 at 1–2; *see id.* at 3. But as noted above, it is the FDC's procedure, not the PLRA's, that determines proper exhaustion. *Jones*, 549 U.S. at 218; *Woodford*, 548 U.S. at 90; *see Varner*, 11 F.4th at 1260. "By extension then, the level of factual specificity that must be included in an administrative petition must [be] interpreted 'in light of the grievance rules of the particular prison system.'" *Harvard v. Inch*, 411 F. Supp. 3d 1220, 1243 (N.D. Fla. 2019) (first citing *Johnson v. Johnson*, 385 F.3d 503, 517 (5th Cir. 2004); then citing *Goldsmith v. White*, 357 F. Supp. 2d 1336, 1338–39 (N.D. Fla. 2005)).

The FDC requires inmates to "ensure that the form is legible, that included facts are accurately stated, and that only one issue or complaint is addressed." Fla. Admin. Code R. 33-103.005(2)(b)(2); *Goldsmith*, 357 F. Supp. 2d at 1339. Allen does not identify any FDC regulation that requires an inmate to include the name or

names of correctional officers who purportedly harmed the inmate. Because the FDC does not require inmates to identify a particular defendant in any grievance, a federal court is not authorized to impose such a requirement. *See Jones*, 549 U.S. at 218 (holding that when the agency's exhaustion procedure makes "no mention of naming particular officials, [the court's] rule imposing such a prerequisite to proper exhaustion is unwarranted").

Browning's grievances contain sufficient detail to allow FDC officials to investigate the alleged uses of excessive force that are the bases of his claims. *See Maldonando v. Unnamed Defendant*, 648 F. App'x 939, 953 (11th Cir. 2016) ("The exhaustion requirement . . . is satisfied as long as the inmate's grievance provides sufficient detail to allow prison officials to investigate the alleged incident."). That is, Browning's grievances were sufficient to alert FDC officials to the nature of the wrongs for which Browning sought redress. *See Harvard*, 411 F. Supp. 3d at 1244 ("[A] grievance suffices if it alerts the prison to the nature of the wrong for which redress is sought.") (quoting *Strong v. David*, 297 F.3d 646, 650 (7th Cir. 2002)).In his grievances, Browning employed the plural pronoun "they" when he mentioned being sprayed with "chemical agents." Doc. 57-1 at 2. This use of the plural pronoun was sufficient to alert the FDC to the fact that Browning was alleging that more than one correctional officer was involved in the alleged conduct. *Id.* at 2–3. Furthermore, Browning alleged that he was either "pushed or let go" of on the stairs. *Id.* at 2, *see*

*id.* at 3. Browning's allegations, therefore, were sufficient to exhaust Browning's excessive-force claims under the FDC's grievance procedure. *See* Fla. Admin. Code R. 33-103.005(2)(b)(2); *Goldsmith*, 357 F. Supp. 2d at 1339.

A defendant has the burden of establishing that a plaintiff failed to exhaust his administrative remedies. Allen fails to carry that burden here. The District Court, therefore, should deny Allen's motion to the extent Allen argues that Browning failed to exhaust his administrative remedies.

**B.    Browning's Eighth-Amendment Claim for Use of "Chemical Agents"**

Allen argues that Browning failed to state a claim upon which relief can be granted regarding the deployment of "chemical agents" because Browning merely alleges that Allen mistakenly sprayed Browning with "chemical agents," and mere negligence is insufficient to violate the Eighth Amendment. Doc. 57 at 11–12.

Uses of force by prison officials violate the Eighth Amendment when the force is applied "maliciously and sadistically to cause harm," instead of in a "good-faith effort to maintain or restore discipline." *Wilkins v. Gaddy*, 559 U.S. 34, 37 (2010) (per curiam) (quoting *Hudson v. McMillian*, 503 U.S. 1, 7 (1992)); *Whitley v. Albers*, 475 U.S. 312, 319 (1986).

Eighth-Amendment excessive-force claims have a subjective and an objective element: "the official must have . . . 'acted with a sufficiently culpable state of mind' . . ., and the conduct must have been 'objectively harmful enough to establish a

constitutional violation.'" *Sconiers v. Lockhart*, 946 F.3d 1256, 1265 (11th Cir. 2020) (quoting *Hudson*, 503 U.S. at 8). Under the subjective element, the force must be applied "sadistically and maliciously . . . for the very purpose of causing harm." *DeJesus v. Lewis*, 14 F.4th 1182, 1195 (11th Cir. 2021) (quoting *Sconiers*, 946 F.3d at 1265). Five factors are relevant to determining if the force was applied "sadistically and maliciously":

1. the need for force;

2. the relationship between that need and the amount of force used;

3. the extent of the resulting injury;

4. the extent of the threat to the safety of staff and inmates, as reasonably perceived by the responsible official on the basis of facts known to him; and

5. any efforts made to temper the severity of a forceful response.

*Danley v. Allen*, 540 F.3d 1298, 1307 (11th Cir. 2008) (citing *Whitley*, 475 U.S. at 321); *Cockrell v. Sparks*, 510 F.3d 1307, 1311 (11th Cir. 2007); *Skrtich v. Thornton*, 280 F.3d 1295, 1300 (11th Cir. 2002). When considering these factors, courts "give a wide range of deference to prison officials acting to preserve discipline and security, including when considering decisions made at the scene of a disturbance." *Bowden v. Stokely*, 576 F. App'x 951, 953 (11th Cir. 2014) (quoting *Fennell v.*

*Gilstrap*, 559 F.3d 1212, 1217 (11th Cir. 2009) (per curiam)); *Pearson v. Taylor*, 665 F. App'x 858, 863 (11th Cir. 2016).

Under the objective element, the use of force must be "harmful enough" or "sufficiently serious." *DeJesus*, 14 F.4th at 1195 (quoting *Sconiers*, 946 F.3d at 1265). That is because the Eighth Amendment does not preclude *de minimis* uses of force. *Id.* (citing *Sconiers*, 946 F.3d at 1265–66); *see Sconiers*, 946 F.3d at 1265 ("Not every malevolent touch by a prison guard gives rise to a federal cause of action.") (quoting *Wilkins*, 559 U.S. at 37). The Eighth Amendment instead "prohibits force that offends 'contemporary standards of decency,' regardless of whether 'significant injury is evident,' though the extent of injury may shed light on the amount of force applied or 'whether the use of force could plausibly have been thought necessary.'" *Sconiers*, 946 F.3d at 1266 (quoting *Wilkins*, 559 U.S. at 37) (citation and internal quotation marks omitted). Eighth-Amendment claims of excessive force, therefore, should be "based on the nature of the force rather than the extent of the injury." *Wilkins*, 559 U.S. at 34; *Sears v. Roberts*, 922 F.3d 1199, 1205 (11th Cir. 2019); *Logan v. Smith*, 439 F. App'x 798, 802 (11th Cir. 2011).

According to Browning, the inmate in the cell next to Browning's cell—Jefferson—yelled and cursed at the RRT as the RRT exited Browning's dormitory. Doc. 52 at 5. Browning also alleges that Jefferson's disruptive behavior continued

despite warnings from members of the RRT. *Id.* Approximately ten minutes later, Allen and Cook mistakenly sprayed Browning with "chemical agents." *Id.*

Thus, Browning does not allege that Allen acted sadistically and maliciously for the very purpose of harming Browning when Allen mistakenly sprayed him with "chemical agents." *Redmond v. Crowther*, 882 F.3d 927, 937 (10th Cir. 2018) ("[A]ccidently deploying force is antithetical to deploying that force maliciously or sadistically."). "A greater level of awareness of likely injury is necessary before deliberate indifference, or a similar degree of fault, can be attributed to" Allen's actions. *Wyatt v. Delaney*, 818 F.2d 21, 23 (8th Cir. 1987). At best, Browning's allegations suggest that Allen's use of "chemical agents" was accidental. Indeed, in his sixth amended complaint, Browning acknowledges that the use of "chemical agents" "was authorized and intended for" Jefferson. Doc. 52 at 7. The accidental nature of the "chemical agents" spray is confirmed further by Browning's grievances, original complaint, and previous amended complaints. Doc. 1 at 6; Doc. 10 at 5; Doc. 14 at 5; Doc. 16 at 5; Doc. 18 at 5; Doc. 44 at 7; Doc. 57-1 at 2.

Additionally, Browning does not allege that Allen and Cook continued to spray "chemical agents" longer than necessary or after discovering that Browning was not Jefferson. Furthermore, Browning does not allege that Allen or Cook threatened him before using the "chemical agents." *Bozeman v. Orum*, 422 F.3d 1265, 1271 n.11 (11th Cir. 2005) (noting that "threatening language as part of a

totality of circumstances can be relevant to . . . the determination of reasonable inferences about the [defendant's] subjective state of mind") (citing *Evans v. Stephens*, 407 F.3d 1272, 1281–82 & n.12 (11th Cir. 2005)).

Despite having had six opportunities to amend his complaint, Browning fails to allege a plausible Eighth-Amendment excessive-force claim based on Allen's deployment of "chemical agents." The District Court, therefore, should dismiss this claim for failure to state a claim upon which relief can be granted.[3]

### IV. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court **GRANT IN PART** and **DENY IN PART** Defendant Donald Allen's motion to dismiss, Doc. 57, as follows:

1. **DISMISS** with prejudice Plaintiff Gino L. Browning's Eighth-Amendment excessive-force claim based on Defendant Donald Allen's use of "chemical agents."

2. **DENY** Defendant Donald Allen's motion to dismiss in all other respects.

---

[3] As to Browning's Eighth-Amendment claim that Allen "pushed or let go of" Browning on the stairs, Allen relies solely on his argument that Browning failed to exhaust his administrative remedies. Doc. 57 at 2–9. That is, Allen does not argue that Browning fails to state a plausible Eighth-Amendment claim related to this incident or that Allen is entitled to qualified immunity with respect to this incident. *See id.* at 9–17.

3. Refer this action to the undersigned for further proceedings.

At Pensacola, Florida, this <u>7th</u> day of December, 2022.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

## NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address all preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b)(1)(B), (C); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**